# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

TINA M. SLONE,

      Plaintiff,

      v.

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security Administration,

      Defendant.

Case No. 1:13-cv-111-JVB

## OPINION AND ORDER

Plaintiff Tina M. Slone seeks judicial review of the Defendant Commissioner of Social Security's decision to deny her disability insurance benefits, and asks this Court to reverse and remand the case. On January 4, 2012, Administrative Law Judge (ALJ) Warnecke Miller denied Plaintiff's application for disability benefits and this decision became final when the Social Security Appeals Council denied Plaintiff's request for review. Plaintiff maintains that the ALJ's decision was not supported by substantial evidence and that the ALJ reached a patently wrong adverse credibility determination. Additionally, Plaintiff contends the Appeals Council improperly rejected her request for review.

For the reasons discussed below, the Commissioner's decision is AFFIRMED.

**A.    Overview of the Case**

Plaintiff alleges that she became disabled in July 2008, at the age of 46, due to her severe depressive disorder and anxiety, which she claims has had a significant negative impact on her ability to work and conduct daily activities. Prior to the alleged onset date, Plaintiff was

employed as a mold press operator, but was laid off on the basis of a reduced workload at the company and her poor attendance record. Then, in June 2008, Plaintiff attempted suicide by ingesting an excessive amount of her prescribed anti-depressant. Before and after this attempt to harm herself, Plaintiff has been treated and evaluated by a myriad of mental health professionals. She maintains that the diagnoses of these professionals, coupled with her own subjective complaints regarding her depression and anxiety, prevent her from participating in gainful employment and entitle her to Social Security disability insurance benefits.

**B.     Standard of Review**

This Court has the authority to review Social Security Act claim decisions under 42 U.S.C. § 405(g). The Court will uphold an ALJ's decision if it is reached under the correct legal standard and supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This Court will not reconsider facts, re-weigh the evidence, resolve conflicts in the evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005). This Court will, however, ensure that the ALJ built an "accurate and logical bridge from the evidence to his conclusion so that, as a reviewing court, we may access the validity of the agency's ultimate findings and afford a claimant meaningful judicial review." *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002).

C.  **Disability Standard**

To qualify for disability benefits, the claimant must establish that she suffers from a disability. A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The SSA established a five-step inquiry to evaluate whether a claimant qualifies for disability benefits. A successful claimant must show:

> (1) [s]he is not presently employed; (2) [her] impairment is severe; (3) [her] impairment is listed or equal to a listing in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) [s]he is not able to perform [her] past relevant work; and (5) [s]he is unable to perform any other work within the national and local economy.

*Scheck v. Barnhart*, 357 F.3d 697, 699–700 (7th Cir. 2004).

An affirmative answer leads either to the next step or, on steps three and five, to a finding that the claimant is disabled. *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001). A negative answer at any point other than step three stops the inquiry and leads to a finding that the claimant is not disabled. *Id.* The burden of proof lies with the claimant at every step except the fifth, where it shifts to the Commissioner. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

D.  **Analysis**

Plaintiff alleges three separate instances of error that necessitate reversal and remand. First, Plaintiff contends that the ALJ improperly weighed opinion evidence by failing to analyze a treating source opinion and improperly evaluated a consulting examiner's opinion. Second, Plaintiff maintains that the ALJ's credibility determination was patently wrong because he mischaracterized the extent of Plaintiff's daily activities, overemphasized inconsistencies in Plaintiff's testimony, and misunderstood the impact mental illness has on an individual. Third,

Plaintiff asserts that the Appeals Council erred in rejecting her request for review. Plaintiff avers that the evidence provided after her hearing, but before the ALJ's decision was published, was new, material, and rendered the ALJ's decision contrary to the weight of the evidence.

**(1)** *ALJ did not improperly weigh or fail to analyze treating source opinions*

Plaintiff argues that the ALJ failed to analyze a treating source opinion prepared by staff at the Northeastern Medical Center in September 2009. Plaintiff contends that this report was not utilized by the ALJ in his decision even though it should have been given controlling weight, or at least deference. Plaintiff maintains that the ALJ committed an error of law by failing to give "good reasons" for discounting this opinion.

A treating physician's opinion is generally given controlling weight if it is well-supported by medically acceptable evidence and it is not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2). The agency must always provide "good reasons" for the weight afforded to a treating sources opinion. *Id.* If a treating source's opinion is not given controlling weight, "in determining the weight to give the opinion" the agency employs a multi-factor assessment that includes: the examining relationship; the length, nature, and extent of the treatment relationship; supportability; consistency; and specialization. *Id.* at (c)(1)–(5).

In this case, the ALJ gave significant weight to September 2009 Report of Psychiatric Status. The ALJ summarized the key findings of the report within his decision and treated the report in an even-handed manner that is consistent with the regulations concerning a treating physician's opinion. The ALJ outlines the report and the key conclusions of the treating physician that included: (1) that Plaintiff's prognosis was good; (2) her medications helped her manage stress; (3) that she had good social skills, a sense of humor, and was kind to others; and

(4) that she had "meltdowns" from time to time as a result of the stressors in her life. (DE 13, R. 20.) The findings of this report are expressly and impliedly present throughout the ALJ's decision. The ALJ assessed that Plaintiff would have some limitations that would affect her ability to work. (*Id.* at 22.) Plaintiff's inability to handle stress, brought on by her depression and anxiety, was also accounted for in the ALJ's residual functional capacity (RFC) determination. The ALJ, in his RFC determination, remarked that Plaintiff could perform a full range of work, but that her work would necessarily be "limited to tasks that do not require more than superficial interaction with the public, supervisors, or coworkers, meaning that successful performance of the job duties involves working with things and not people." (*Id.* at 18–19.) The ALJ went on to note that Plaintiff could not work in an unpredictable environment that required her to make decisions, or that was production-pace oriented. (*Id.* at 19.) Thus, the ALJ did not err as he considered the September 2009 report, accounted for it in his RFC determination, and incorporated its key elements throughout his decision.

Similarly, Plaintiff argues that the ALJ erred by failing to properly consider the opinion of Dan Boen, PhD, who performed a consultative examination of Plaintiff in October 2010. Plaintiff contends that the ALJ credited reports from non-examining state agency consultants more than Dr. Boen. Plaintiff insists that the ALJ failed to describe how he decided to give greater weight to the state agency consultants and why he did not give significant weight to Dr. Boen's report. Plaintiff's arguments are mistaken and do not reflect the ALJ's decision.

In his decision, the ALJ explained precisely why he discounted the significance of Dr. Boen's report. The ALJ noted that Dr. Boen's report and analysis was largely influenced by Plaintiff's subjective complaints, which did not correspond to the testimony of other treating sources and Plaintiff's own family. (DE 13, R. 25.) Moreover, the state agency consultants also

noted that Dr. Boen's report was largely based on Plaintiff's subjective complaints and did not correspond to the other medical evidence in the record. (*Id*.) An ALJ need only "'minimally articulate' his reasoning for the weight assigned to a physician's opinion." *Gully v. Colvin*, 593 Fed. Appx. 558, 563–564 (7th Cir. Ill. 2014) (citing *Filus v. Astrue*, 694 F.3d 863, 869 (7th Cir. 2012). Here, the ALJ's rationale easily cleared this low bar. Since the ALJ determined Plaintiff exaggerated her limitations, and Dr. Boen's report was based largely on her complaints, the ALJ reasonably assigned little weight to this opinion. Moreover, the ALJ concluded that Dr. Boen's opinion conflicted with the opinions of treating physicians at the Northeastern Medical Center, whose assessment reflected a higher ability to perform work-related activities. Accordingly, the ALJ did not err by failing to properly weigh opinion evidence.

**(2)** *ALJ's credibility determination was not "patently wrong"*

Plaintiff contends that the ALJ's credibility determination is patently wrong. Plaintiff asserts that the ALJ erred in examining: (1) the scope of her daily activities; (2) inconsistencies between testimony and medical evidence; (3) her history of working while managing her depression; and (4) her history of mental health treatment. ALJ credibility determinations are entitled to deference because the ALJ is "in a special position to hear, see, and assess witnesses." *Murphy v. Colvin*, 759 F.3d 811, 815 (7th Cir. 2014). Courts only overturn such a credibility determination if it is patently wrong, that is to say, if it lacks any explanation or support. *Id.* at 816. A credibility determination will be upheld as long as it is explained in a way that allows the court to determine that the ALJ logically based it on specific findings and record evidence. *Id.*

In this case, the ALJ provided a logical explanation for the credibility determination. The ALJ's decision relied in part on Plaintiff's ability to perform daily activities. The ALJ utilized

testimony from family members and treatment providers regarding Plaintiff's daily activities to support his finding that her subjective complaints were not entirely credible. Plaintiff argues that it is inappropriate for the ALJ to use the scope of her daily activities to infer that she is capable of full-time employment. However, this is not what the ALJ did. The ALJ considered the Plaintiff's testimony regarding her professed ability to perform daily activities and weighed it against the record medical evidence and the testimony of Plaintiff's family. (DE 13, R. 26–28.) As a result of a perceived discrepancy, the ALJ found that Plaintiff's subjective complaints were less than credible and could have been motivated by other external factors. The ALJ even stated that Plaintiff's ability to perform daily activities would be somewhat limited, but not to the nature and extent of her testimony. (*Id.* at 26.) This was not an improper consideration of Plaintiff's activities of daily living, and was grounded in the evidence.

Next, Plaintiff alleges the ALJ erred in three more instances that make the credibility determination patently wrong. However, each of these instances are supported by record evidence, the ALJ adequately explained his rationale for considering them, and were simply components of the ALJ's credibility determination. The ALJ, as he is required to do, "adequately explain[ed] his . . . credibility finding by discussing specific reasons supported by the record." *Minnick v. Colvin*, 775 F.3d 929, 937 (7th Cir. 2015) (citing *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009)). Regarding Plaintiff's past work, the ALJ noted that Plaintiff had been able to work despite her depression for the preceding fifteen years. (*Id.* at 27.) As a result, the ALJ reasoned that Plaintiff could still work, with some restrictions, particularly since there was nothing that occurred near the alleged disability onset date that would exacerbate her depression. Next, concerning the receipt of unemployment benefits, the ALJ used this fact, in combination with others, as another reason to doubt the veracity of her subjective complaints. In this instance,

the ALJ coupled the receipt of unemployment benefits, Plaintiff's husband encouraging her to find work, and her assistance as her husband's business as more support for an adverse credibility determination. Lastly, the ALJ recounted all of Plaintiff's treatment, but found that two short hospitalizations and a prescribed outpatient mental health treatment program was not as extensive as one would expect after hearing Plaintiff's subjective complaints. All of this, combined with the inconsistencies discussed above, are all legitimate pillars of support for the ALJ's credibility determination. Accordingly, the Court finds that the ALJ's credibility determination was not patently wrong.

**(3)** *The Appeals Council did not err by rejecting Plaintiff's request for review*

Plaintiff contends that the Appeals Council erred by finding that evidence submitted after the hearing, but before the ALJ's decision, was not new and material. Had the Appeals Council found the evidence was new and material they could have remanded the case, along with the new evidence, to the ALJ for further consideration. The evidence in question is an admission record from Northeastern Center that included a Psychosocial History Assessment and a Psychiatric Evaluation. (DE 13, R. 525–535.) Plaintiff asserts that the document is new since it was created after her hearing, but before the ALJ's decision was published. (DE 21, Pl.'s Br. at 21.) To meet the second prong of the test, Plaintiff contends that this evidence is material "because [it] was generated after the hearing and immediately prior" to the ALJ's decision. (*Id.*) Defendant concedes that the evidence is new, but argues that is immaterial. Defendant is correct.

New evidence is only "material" if there is a "reasonable probability" that it would lead the ALJ to a different conclusion had the evidence been considered. *Johnson v. Apfel*, 191 F.3d 770, 776 (7th Cir. 1999). Plaintiff's new evidence does not meet this standard. The most

significant revelation in the new evidence is that Plaintiff had a suicide ideation in December 2011. However, before acting on it, she called for professional psychiatric assistance and had her daughter drive her to the Northeastern Center. (DE 13, R. 528.) This episode is consistent with Plaintiff's previous mental health treatment and evidence of similar behavior was considered by the ALJ in reaching his decision. The remainder of the evidence provided in Northeastern Center report was simply a resuscitation of Plaintiff's past medical history. Consequently, this evidence would not have affected the ALJ's decision and fails to meet the materiality requirement necessary for Appeals Council review.

**E. Conclusion**

Plaintiff has failed to show that the ALJ improperly weighed opinion evidence or made a patently wrong credibility determination. Moreover, Plaintiff has failed to demonstrate that the Appeals Council erred by finding evidence presented after the hearing with the ALJ was material. The ALJ decided Plaintiff's claim using the correct legal standard and the decision was supported by substantial evidence. Accordingly, the Commissioner's decision is AFFIRMED.

SO ORDERED on September 1, 2015.

       s/ Joseph S. Van Bokkelen
       JOSEPH S. VAN BOKKELEN
       UNITED STATES DISTRICT JUDGE